UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| GARY E. SUTTON,<br><br>    Petitioner,<br><br>V.<br><br>FRANCISCO QUINTANA,<br><br>    Respondent. | Civil Action No. 5: 16-274-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Gary E. Sutton is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Sutton has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1].

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Sutton's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**I**

On March 31, 2006, Sutton was charged in Cape Girardeau, Missouri with three counts of being a felon in possession of multiple firearms and ammunition in violation of 18 U.S.C. § 922(g). Following trial, the jury convicted Sutton on one count but acquitted him on the remaining two. On December 14, 2006, the trial court sentenced Sutton to 280 months imprisonment. In arriving at that sentence, the trial court applied the career offender enhancement found in 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1 because Sutton had eight prior felony convictions in Missouri, including five for "violent felonies" – one for Second Degree Burglary, two for First Degree Assault, one for First Degree Robbery, and one for Second Degree Murder. The Eighth Circuit affirmed on September 13, 2007. *United States v. Sutton*, No. 1: 06-CR-52-RWS-1 (E.D. Mo. 2006) [R. 1, 10, 43, 60, 70, 96 therein]

In 2008, Sutton sought relief from his conviction and sentence pursuant to 28 U.S.C. § 2255, arguing in part that two of his prior convictions were invalid or had been vacated, and therefore should not have been considered in determining his criminal history category or for purposes of the career offender enhancement. The trial court rejected that contention as factually baseless and, finding no ground for relief in Sutton's other arguments, denied his § 2255 motion. The Eighth Circuit denied Sutton a certificate of appealability in 2012. *Sutton v. United States*, No. 1:08-CV-175-RWS (E.D. Mo. 2008) [R. 1, 5, 47, 58 therein]

In 2014, Sutton filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court challenging the validity of the indictment, but without success. *Sutton v. Quintana*, No. 5: 14-CV-177-DCR (E.D. Ky. 2014). In 2015, he filed a second § 2255 motion in the trial court seeking to challenge the application of the career offender enhancement for a third time under *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), but the Eighth Circuit declined to grant him permission to proceed with a new § 2255 motion. *Sutton v. United States*, No. 1:15-CV-46-RWS (E.D. Mo. 2015).

On May 23, 2016, Sutton filed another motion seeking permission from the Eighth Circuit to file a second or successive motion for relief under § 2255, asserting that under the Supreme Court's decision in *Johnson v. United States*, \_\_ U.S. \_\_, 135 S. Ct. 2551 (2015), his prior Missouri conviction for Second Degree Burglary under Mo. Rev. Stat. § 569.170 could no longer qualify as a valid predicate offense to support the enhancement of his sentence as an armed career criminal. In response, the government noted that because burglary is an enumerated offense under 18 U.S.C. § 924(e)(2)(B)(ii), the residual clause at issue in *Johnson* is not implicated, and argued that Sutton's motion was simply a thinly-veiled attempt to invoke *Johnson* in an effort to resuscitate his previously-rejected claim under *Descamps*. The Eighth Circuit denied Sutton's application without explanation in a summary order entered June 22, 2016. *Sutton v. United States*, No. 16-2278 (8th Cir. 2016).

Sutton filed his petition in this case one month later, again arguing that the enhancement of his sentence is invalid in light of *Johnson*'s holding that the residual clause of § 924(e)(2)(B)(ii) is void for vagueness, and adding that *Welch v. United States*, \_\_ U.S. \_\_, 136 S. Ct. 1257, 1265 (2016) rendered *Johnson* retroactively applicable to cases on collateral review. [R. 1-1 at 16-19] Sutton also again asserts his claim under *Descamps*, contending that his Second Degree Burglary conviction does not qualify as "burglary" under the enumerated offense clause. To justify his re-assertion of his *Descamps* claim here, Sutton purports to rely upon *Mathis v. United States*, \_\_ U.S. \_\_, 136 S. Ct. 2243 (2016), which held that resort to the "modified categorical approach" to determine whether a prior conviction constitutes a valid predicate offense to apply the career offender enhancement is not proper where the statute merely defines alternative factual means to commit a single, indivisible offense, rather than defining several alternative elements to create multiple, separate offenses. *Mathis*, 136 S. Ct. at. 2248-53. [R. 1-1 at 20-23]

3

## II

The Court has thoroughly reviewed Sutton's petition, but concludes that it fails to establish viable grounds for relief. Sutton's claims under *Johnson* and *Descamps/Mathis* must be asserted only by way of motion under § 2255 rather than in a habeas corpus petition under § 2241, and neither case provides Sutton with a viable basis for relief on the merits of his claims.

First, Sutton's claims under both *Johnson* and *Descamps/Mathis* may not be pursued in a § 2241 petition. Ordinarily, a federal prisoner must present a challenge to the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not generally be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

However, the "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the "savings clause" of § 2255(e) only applies where the petitioner is asserting a claim of "actual innocence." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999) (*per curiam*)). In this context, a § 2241 petitioner may demonstrate that he is actually innocent of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that her conduct did not violate the statute. *Wooten*, 677 F.3d at 307-08; *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must also be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

These principles establish that Sutton may not assert a challenge under *Johnson* or *Descamps/Mathis* to his sentence in this § 2241 proceeding. Sutton does not contend that his conviction under § 922(g) for being a felon in possession of multiple firearms and ammunition is invalid, but only that the enhancement of his sentence under § 924(e) was improper. The Sixth Circuit has repeatedly held that "claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony"); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes*, 473 F. App'x at 502 (same). Nor is *Johnson* a case of statutory interpretation which narrowed the scope of conduct proscribed by the statute of

5

conviction; instead, it found unconstitutional a portion of the ACCA. Because *Johnson* was not a "Supreme Court decision[] announcing new rules of statutory construction unavailable for attack under section 2255," *Hayes*, 473 F. App'x at 501-02, a habeas corpus petition under § 2241 is not an appropriate or available mechanism to pursue a claim under that decision. Cf. *Bishop v. Cross*, No. 15-CV-854-DRH, 2015 WL 5121438, at *2-3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from sentencing enhancement in light of *Johnson* was not cognizable under § 2241, but must instead be brought by motion under § 2255); *Hollywood v. Rivera*, No. 2:15CV113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same); *Lane v. Butler*, No. 6: 15-101-DCR, 2015 WL 5612246, at *3 (E.D. Ky. Sept. 21, 2015).

Second, 28 U.S.C. § 2255 provides a viable mechanism for Sutton to assert his *Johnson* claim. Section 2255 permits prisoners to file "successive" motions based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Here, *Johnson* announced a new, previously unavailable rule of constitutional law, *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015), and the Supreme Court has expressly held that *Johnson* applies retroactively to cases on collateral review, *Welch*, 136 S. Ct. at 1265 ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review."). Because *Johnson* satisfies the criteria to permit second or successive motions for relief under § 2255(h)(2), that remedy is not *structurally* "inadequate or ineffective" to test the legality of his detention, *Truss*, 115 F. App'x at 773-74, even where, as here, the defendant has sought permission to seek relief under § 2255 and the request has been denied. *Copeland*, 36 F. App'x at 795.

Third, even if the Court could reach the merits of Sutton's claim under *Johnson*, that decision affords no basis for relief. In *Johnson*, the Supreme Court invalidated the residual clause of § 924(e)(2)(B)(ii) as void for vagueness, but in doing so expressly noted that "[t]oday's

6

decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563. Here, Sutton challenges the use of a prior Missouri conviction for Second Degree Burglary to enhance his sentence, but burglary is one of the offenses expressly enumerated as a violent felony under the statute. *Johnson* therefore provides no basis for relief. *In re: Hires*, 2016 WL 3342668, at *2 (11th Cir. 2016) ("Federal prisoners who were sentenced under the elements or enumerated clauses, without regard to the residual clause at all, of course, do not fall within the new substantive rule in *Johnson* and thus do not make a *prima facie* claim involving this new rule."); *Jordan v. Butler*, No. 6: 15-133-KKC, 2015 WL 5612274, at *4-5 (E.D. Ky. Sept. 23, 2015) (denying § 2241 petition challenging career offender enhancement under *Johnson* based upon prior burglary conviction); *Herbert v. Wehrlich*, No. 16-CV-696-DRH, 2016 WL 4061380, at *3 (S.D. Ill. July 29, 2016) (same).

Finally, *Mathis* likewise provides no substantive basis for relief. *Mathis* teaches that a criminal statute is divisible, thus permitting resort to the "modified categorical approach" of *Shepard v. United States*, 544 U.S. 13 (2005) and review of charging documents to determine whether the conviction was for a "violent felony," only when it defines multiple criminal offenses by setting forth alternative criminal elements. In contrast, a criminal statute is indivisible when it defines only one offense, even where it sets forth alternative factual means of committing that single offense. *Mathis*, 136 S. Ct. at. 2248-53. Like Sutton's claim under *Johnson*, his claim under *Mathis* is misplaced because under established Eighth Circuit law, his prior conviction for Second Degree Burglary under Mo. Rev. Stat. § 569.170 qualified as a violent felony under the categorical approach, and resort to the modified categorical approach simply was not necessary. *United States v. Olsson*, 742 F. 3d 855, 856 (8th Cir. 2014) ("Because the basic elements of the Missouri second-degree burglary statute

7

are the same as those of the generic burglary offense, Olsson's prior conviction qualifies as a 'crime of violence' under the categorical approach."); *United States v. Phillips*, 817 F. 3d 567, 569-70 (8th Cir. 2016) (same). For each of the foregoing reasons, Sutton's petition for a writ of habeas corpus must be denied.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Sutton's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated September 2, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY